**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KIERAN COWAN,

    Defendant - Appellant.

No. 24-8043
(D.C. No. 2:24-CR-00046-NDF-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **PHILLIPS** and **ROSSMAN**, Circuit Judges.
_____

Pursuant to a plea agreement containing an appellate waiver, Kieran Cowan pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him within the advisory guideline range to concurrent terms of 180 months' imprisonment followed by five years of supervised release.

Mr. Cowan appealed, and the government now moves to enforce the appellate waiver in his plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1328

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2004) (en banc) (per curiam). In response, Mr. Cowan "acknowledges that on direct appeal, on this record, and pursuant to this Court's controlling precedent, *id.*, he is not able to show that enforcement of the waiver is not warranted." Resp. at 1.

Based on this concession, we grant the government's motion to enforce the appellate waiver and dismiss this appeal.

Entered for the Court


Per Curiam
